## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**K7 DESIGN GROUP, INC.,**

     **Plaintiff,**

       **v.**                        **Case. No. 1:20cv975**

**THE KROGER CO.,**               **Judge Michael R. Barrett**

     **Defendant.**

## ORDER

This matter came on for consideration of the parties' respective discovery requests and alleged deficiencies in production by each side.  These issues are presented in the record through Defendant The Kroger Company's Motion to Compel and for Supervision K7 Design Group, Inc.'s Document Collection Efforts (Doc. 40); and Plaintiff K7 Design Group Inc.'s Response thereto (Docs. 41, 42).  In addition to Kroger's letter dated September 28, 2021, which was filed in the record (Doc. 44), the parties have submitted correspondence addressing these issues to chambers.  In an attempt to resolve the issues, the Court has held numerous telephone discovery conferences.  While some issues have been resolved, others still remain.  The Court scheduled an in-person discovery conference and asked the parties to file a position paper outlining the remaining discovery issues.  The parties filed these papers in the record (Docs. 45, 46); and the Court held the discovery conference in the courtroom on October 20, 2021.  (Doc. 47).

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . ."  Fed. R. Civ. P. 26(b)(1).  The Court must limit discovery where:

(i) the discovery sought is unreasonably cumulative or duplicative, or can

be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).  In this case, both Kroger and K7 approach this discovery dispute from the standpoint of their respective theories of the case. Each side argues that the discovery produced to date shows they are correct in their asserted positions and therefore, the opponent's discovery requests are overbroad, burdensome not likely to produce relevant information. As the Court has stated on multiple occasions, both sides are entitled to test their own theory through the discovery process.

K7's theory is simple enough: Kroger responded to the demand for hand sanitizer created by the COVID-19 pandemic and ordered more product than they eventually needed. K7 claims Kroger should have known the product was manufactured by others and Kroger had ample opportunity to test and reject any product if it had concerns. K7 further argues that Kroger canceled the order for the product because demand was falling below expectations and Kroger now seeks to avoid payment.

Kroger's theory is equally straightforward: K7 got Kroger's business because of false representations made regarding manufacturing, control, and quality of the product. Kroger maintains strict guidelines regarding sourcing vendors and it claims K7's practices fell outside of those guidelines.  Kroger is entitled to know if K7's product was manufactured for Kroger rather than for multiple potential end-users, or manufactured in bulk for K7's various clients. Kroger further alleges that the shipped product in warehouses cannot be attributed to Kroger's orders.

2

Kroger and K7 each seek the other's internal communications, notes, memos and other materials relating to the business relationship with each other. Kroger maintains the K7 response is insufficient as it is only comprised of six email chains. K7 responds that it is a small, closely held business, and therefore, its communications were mainly oral. Kroger finds this explanation implausible. At the same time, K7 maintains Kroger personnel must have maintained handwritten notes or other documents regarding the subject matter and cites deposition transcript. Kroger's response is that they have produced what they have. K-7 finds this implausible. The Court reminds both sides of their discovery obligations and lack of production must be supported by declarations. The Court will take a dim view of later revelations that contradict the parties' responses.   *See Roberts v. Galen of Virginia, Inc*., 325 F.3d 776, 782 (6th Cir. 2003) ("Federal Rule of Civil Procedure 37(c)(1) requires absolute compliance with Rule 26(a), that is, it 'mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified.' ") (quoting *Vance v. United States*, 182 F.3d 920 (6th Cir. 1999)).

Kroger seeks documents regarding payment or financing of the product. Kroger further seeks information and documents regarding other customers as well as correspondence and contracts with manufacturers. This information may be relevant for two reasons.  First, Kroger maintains K7 misrepresented itself as a manufacturer and second, Kroger maintains K7 is not a manufacturer but rather a broker and K7 must demonstrate that the product for which it now seeks damages was actually acquired for Kroger not assembled in bulk for Kroger and other end-users. K7 submits that bottle styles and bills of lading should be sufficient to put this issue to rest. Kroger presents adequate

allegations to place these issues in contention. K7 shall respond to Kroger's requests. The Court determines that while information of other customers is relevant at this time, the particular pricing arrangements are not; and therefore, this issue is held in abeyance.

Kroger also seeks documents regarding product testing. K7 has indicated that it will produce testing results. However, the Court concludes that discovery of documents regarding potential government inquiries into the product are also held in abeyance at this time.

Kroger may seek and obtain warehousing information as relates to product for which damages are claimed. This may be relevant and Kroger should be able to satisfy questions regarding accounting for which product damages are sought as well as intended end-users for the warehouse product at issue to determine whether product was intended for Kroger as well as other end-users. As the parties work through this issue, the Court will keep in mind K7 may have sold product originally designated for Kroger to others end users to mitigate damages. Kroger may explore the identity of witnesses in China who may be able to clarify the issue of bulk manufacturer versus Kroger production.

K-7 has indicated there are recorded conversations with Kroger employees. K-7 will identify these employees but may hold the recordings in confidence until after the witness has been deposed and signed off on the deposition. K-7 will forthwith provide recordings after the witness's signature.

To test Kroger's position regarding its concerns about production and product quality, K-7 has requested Kroger's marketing and advertising plans and communications for hand sanitizer and antibacterial soap for the year 2020. This information may be relevant, and is to be produced. K-7 also seeks information regarding the compilation of

Kroger's "Blueprint for Business." This document has been produced and drafts need not be produced at this time. However, Kroger's due diligence as it relates to the internal practices for onboarding new suppliers during the pandemic is discoverable to determine if Kroger departed from its normal standards. Similarly, information regarding emergency stock warehouses is relevant to K-7's theory that Kroger breached the supply agreement because it ended up with more sanitizer. Therefore, this information is also discoverable.

Kroger seeks a subpoena of the testing laboratory. Said subpoena is held abeyance until K7 produces testing results. The discovery from Core Force, a logistics contractor for K-7 will currently be limited to K7/Kroger information on hand sanitizer and soap products.

Finally, the Court sees no reason why parties cannot proceed with Rule 30(b)(6) depositions or other relevant depositions. The Court cautions both sides, however, that if later produced documents necessitate the resumption of a deposition, the nonproducing party may be ordered to pay the expense of such resumption. *See* Fed. R. Civ. P. 37(c)(1) (stating that if a party fails to provide information as required by Federal Rule 26(a) or (e), the court "may order payment of the reasonable expenses, including attorney's fees, caused by the failure.").

Based on the foregoing, Defendant The Kroger Company's Motion to Compel and for Supervision K7 Design Group, Inc.'s Document Collection Efforts (Doc. 40) is **GRANTED in PART and HELD in ABEYANCE in PART**.

**IT IS SO ORDERED.**

       *&#95;&#95;&#95;&#95;&#95;/s/ Michael R. Barrett&#95;&#95;&#95;&#95;&#95;*
       Michael R. Barrett, Judge
       United States District Court